IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT C. BONNET, et al.,<br><br>Plaintiff,<br><br>v.<br><br>HARVEST (U.S.) HOLDINGS, INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-CV-217-CW<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

Plaintiffs Robert C. Bonnet and Bobby Bonnet Land Services bring seven causes of action against Defendants, which all stem from various business relationships and communications concerning Mr. Bonnet's position as Consultant and senior petroleum landman for the Ute Indian Tribe Energy & Minerals Department. Pursuant to the court's order dated June 4, 2010, the United States was substituted as Defendant for listed Defendants Johnna Blackhair and Paula Black. The United States now moves to dismiss for lack of subject matter jurisdiction because Plaintiffs have failed to exhaust their administrative remedies under 28 U.S.C. § 2675(a). The court grants the motion, and *sua sponte* orders Plaintiffs and listed Defendants to show cause why their complaint or counterclaim should not be dismissed for lack of diversity where there is no federal question.

# DISCUSSION

## I. THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### a. Standard for Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[1] The court need not, however, consider allegations which are conclusory, or that "do not allege the factual basis" for the claim.[2] Moreover, the court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts.[3]

Although all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] Under this standard, a claim need not be probable, but there must be facts showing more than a "sheer possibility" of wrongdoing.[6]

### b. Exhaustion of Administrative Remedies

The Government moves to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiffs have not exhausted the administrative process for bringing a tort claim against the United States. Indeed, the Federal Tort Claim Act ("FTCA") provides the sole means of recovery for injury caused by an employee of the

---

[1] *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).
[2] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")
[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).
[5] *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
[6] *Id.*

Government while acting within the scope of his office or employment.[7] One of the stipulations of the FTCA, however, is that an action shall not be instituted upon a claim against the United States for such loss unless the plaintiff first presented the claim to the appropriate Federal agency and finally denied in writing.[8] Plaintiffs do not assert that such administrative action was taken, nor do they dispute the Government's contention that it did not. As such, it is unnecessary to consider any evidence submitted with the Government's briefing in granting its motion.

## II. THE DIVERSITY OF CITIZENSHIP REMAINING DEFENDANTS

This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[9] As such, the court must first consider whether it has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. The Tenth Circuit has explained that "when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal."[10] The court concludes that Plaintiffs' complaint and Defendants' counterclaims are deficient in this respect to persons individually named, corporations, and unincorporated parties. Furthermore, any discussion of John Does 1-20 is unnecessary.

First, "[u]nder the diversity jurisdiction statute, the federal courts have original jurisdiction to decide a plaintiff's state-law lawsuit if the dispute is between . . . citizens of different States. A party's "citizenship" for purposes of federal jurisdiction is determined by looking to the person's domicile. Domicile, in turn, is determined by finding the last place where a person resided with an intention of remaining there indefinitely."[11] Simply asserting, for

---

[7] 28 U.S.C. § 2679(b)(1).
[8] 28 U.S.C. § 2675(a).
[9] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998).
[10] *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citations omitted).
[11] *Hassan v. Allen*, No. 97-4005, 1998 U.S. App. LEXIS 13583, at *16-17 (10th Cir. June 24, 1998) (citations omitted).

example, that "Robert C. Bonnet is an individual residing in the state of Nevada" does not establish his citizenship.[12]

Second, Congress has established that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."[13] It is insufficient to assert, for example, that Defendant Harvest (US) Holdings, Inc. "is a Delaware corporation registered to conduct business in the state of Utah.[14] This says nothing of Harvest's principal place of business, which may also destroy diversity.

Third, "while the rule regarding the treatment of corporations as 'citizens' has been firmly established, [the Supreme Court has] just as firmly resisted extending that treatment to other entities."[15] Thus, "for entities other than corporations (and sometimes trusts), diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of all the members, the several persons composing such association, each of its members."[16] Plaintiffs have failed to demonstrate that diversity exists relative to each unincorporated organizations' members.

Fourth, Plaintiffs include John Does 1-20 in the caption of their complaint but fail to allege anything that makes them a party of interest. As such, the question of diversity between Plaintiffs and John Does 1-20 is not before the court and does not need to be decided.

Lastly, Defendants Harvest (U.S.) Holdings, Inc., Elton Blackhair, and Branta Exploration & Production, LLC's counterclaims as asserted in their answers likewise fail to establish diversity.

---

[12] (Compl. ¶1).
[13] 28 U.S.C. § 1332(c)(1).
[14] (Compl. ¶3).
[15] *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990)).
[16] *Penteco Corp.*, 929 F.2d at 1523 (quoting *Carden*, 494 U.S. at 195-96); *see also Rolling Greens MHP, L.P. v. Compcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (stating that the "citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization.").

## **CONCLUSION**

For the foregoing reasons:

1. The Government's motion to dismiss for lack of subject matter jurisdiction is GRANTED without prejudice. If Plaintiffs are able to show that they have exhausted such administrative remedies, the court grants leave to re-file.

2. Plaintiffs and Defendants Harvest (U.S.) Holdings, Inc. Elton Blackhair, and Branta Exploration & Production, LLC are ordered to show cause why their complaint or counterclaim should not be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Alternatively, the parties may amend their pleadings or voluntarily withdraw their actions from the federal docket without prejudice. In any event, they are to respond accordingly within 10 days of this order. Defendants' time to respond will not toll until such an amended complaint has been properly submitted or the court otherwise orders such response.

DATED this 4th day of November, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge